IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY SESSION, 1999

FILED

May 12, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| EDWARD DRUMMER, | ) | C.C.A. NO. 02C01-9902-CR-00059 |
| | ) | |
| Appellant, | ) | |
| | ) | SHELBY COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. ARTHUR T. BENNETT, JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (POST-CONVICTION) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**EDWARD DRUMMER,** *pro se*          **PAUL G. SUMMERS**
P.O. Box 549 H-A-114                  Attorney General & Reporter
Whiteville, TN 38075

                                     **CLINTON J. MORGAN**
                                     Assistant Attorney General
                                     2nd Floor, Cordell Hull Building
                                     425 Fifth Avenue North
                                     Nashville, TN 37243


                                     **JOHN W. PIEROTTI**
                                     District Attorney General


                                     **LEE COFFEE**
                                     Assistant District Attorney General
                                     Criminal Justice Center, Suite 301
                                     201 Poplar Avenue
                                     Memphis, TN 38103

OPINION FILED _____

REVERSED AND REMANDED

THOMAS T. WOODALL, JUDGE

# OPINION

In this case, the Petitioner, Edward Drummer, appeals as of right from the trial court's dismissal of his petition for post-conviction relief. In his issues presented for review, the Petitioner, who has filed a *pro se* brief, argues first that his trial counsel provided ineffective assistance of counsel by giving erroneous advice on parole eligibility. In his second issue, Petitioner argues that the Department of Correction wrongfully altered the judgment entered by the trial court regarding his release eligibility of thirty (30%) percent as a Range I standard offender. For the reasons stated in this opinion, we reverse the judgment of the trial court and remand for further proceedings.

On January 7, 1997, the Shelby County grand jury returned an indictment charging the Petitioner with aggravated rape. The indictment alleged that the offense occurred on October 29, 1994. The office of the Shelby County Public Defender was appointed to represent Petitioner. On September 30, 1997, Petitioner entered into a negotiated plea agreement. The case was set for trial on the date he entered his plea, and it was entered after the jury was selected, but prior to any proof being heard. The negotiated agreement was for Petitioner to plead guilty as charged to aggravated rape and receive a fifteen (15) year sentence in the Department of Correction as a Range I standard offender with a thirty (30%) percent release eligibility date. Petitioner entered his plea of guilty and judgment was entered on the same date in accordance with the plea agreement.

On February 2, 1998, Petitioner's *pro se* petition for post-conviction relief was filed in the trial court. In this petition, he alleged that the guilty plea was involuntarily entered "without understanding of the nature and consequences of the plea," and that he had been denied the effective assistance of counsel. Pertinent to this appeal, Petitioner specifically alleged that when he began confinement in the Department of Correction, he was advised by that agency that he had a release eligibility date of eighty-five (85%) percent rather than thirty (30%) percent. He also specifically alleged that his trial counsel had failed to advise him that Tennessee Code Annotated section 40-35-501 required Petitioner to serve one hundred (100%) percent of the sentence imposed less sentence credits earned and retained, but with a maximum of fifteen (15%) percent reduction.

The trial court appointed private counsel to represent Petitioner in the post-conviction case. Appointed counsel filed an amended petition for post-conviction relief, and an evidentiary hearing was held. Following the hearing, the trial court dismissed the petition for post-conviction relief and filed its findings of fact and conclusions of law.

Subsequently, Petitioner filed a *pro se* notice of appeal from the trial court's dismissal of his petition for post-conviction relief. There is no indication in the record as to why appointed counsel did not file the notice of appeal on behalf of Petitioner. There is nothing to indicate that Petitioner knowingly and voluntarily waived his right to counsel in this appeal.

The transcript of the post-conviction evidentiary hearing is not in the record. However, the transcript of the guilty plea hearing, which was made an exhibit at the evidentiary hearing, is included in the record.

In its brief, the State argues that Petitioner's dispute concerning his release eligibility date is an administrative matter which is not included within the scope of the Post-Conviction Procedure Act. Moreover, the State, in its brief, points out that the statute which provides for one hundred (100%) percent service of an aggravated rape sentence, Tennessee Code Annotated section 40-35-501 (i), applies only to offenses committed on or after July 1, 1995. The State concedes that since Petitioner's conviction was for an aggravated rape that occurred on October 29, 1994, Petitioner is not subject to the sentencing provisions requiring one hundred (100%) percent service of a sentence for aggravated rape.

The query then turns to why the Department of Correction would treat this sentence as one covered under the provision of Tennessee Code Annotated section 40-35-501(i). Apparently not noticed by Petitioner, his post-conviction counsel, the trial court, or the State at either the trial or appellate level, is the fact that the judgment entered on September 30, 1997, reflecting the conviction for aggravated rape, states on its face that the offense was committed on October 29, 1995 rather than October 29, 1994 as alleged in the indictment. We also note from the transcript of the guilty plea hearing that when the Assistant District Attorney summarized the facts for the court in order to substantiate a basis for the guilty plea, that he stated the offense occurred on October 29, 1994.

Thus, there appears to be a clerical mistake in the judgment entered on September 30, 1997, correction of which by the trial court might resolve Petitioner's complaints. Upon remand, the trial court is to examine the discrepancy, and, if there is a mistake in the judgment regarding the date of commission of the offense, the judgment can and must be corrected pursuant to Rule 36, of the Tennessee Rules of Criminal Procedure.

Tenn. Sup. Ct. R. 28, § 10(a) states that "[a]n appeal from the dismissal or denial of a post-conviction petition shall be in accordance with the Tennessee Rules of Appellate Procedure. Rule 18(a) of the Tennessee Rules of Appellate Procedure provides the following:

> A party who has been permitted to proceed in an action in the trial court as a poor person (which includes a person who has been permitted to proceed there as one who is financially unable to obtain adequate defense in a criminal case) may proceed on appeal as a poor person unless, before or after the appeal is taken, the trial court finds the party is not entitled so to proceed, in which event the trial court shall state in writing the reasons for such finding.

In the Post-Conviction Procedure Act, Tennessee Code Annotated section 40-30-215 states that "[i]ndigency shall be determined and counsel and court reporters appointed and reimbursed as now provided for criminal and habeas corpus cases by chapter 14, parts 2 and 3 of this title."

Tennessee Code Annotated section 40-14-205 allows an attorney appointed by the trial court to withdraw as counsel of record upon good cause shown, but requires the trial court to immediately appoint another attorney in the

former attorney's place. Furthermore, Tennessee Code Annotated section 40-14-203, made applicable to post-conviction cases by Tennessee Code Annotated section 40-30-215, entitles this Petitioner to counsel on the direct appeal from the denial of this, his first petition for post-conviction relief. In addition, Tennessee Code Annotated section 40-14-312, also made applicable to post-conviction proceedings pursuant to Tennessee Code Annotated section 40-30-215, entitles this Petitioner, who has already been declared indigent by the trial court, to a transcript of the evidentiary hearing concerning the post-conviction petition.

There is no indication in the record as to why private counsel, who was appointed by the trial court to represent the Petitioner in his petition for post-conviction relief, and who filed on behalf of the Petitioner an amended petition and represented him during the evidentiary hearing, is not representing Petitioner in this appeal. There is no indication that Petitioner voluntarily and knowingly waived his right to counsel in this appeal.

CONCLUSION

Accordingly, we reverse the judgment of the trial court and remand for further hearings for the trial court to appoint counsel to represent Petitioner in the appeal of the dismissal of his petition for post-conviction relief. We further direct that a transcript of the evidentiary hearing be prepared and included in the record, assuming that Petitioner desires to pursue his appeal from the trial court's dismissal of his post-conviction petition. In addition, as stated above, the trial court is to

conduct a further hearing to determine whether the judgment reflecting the conviction of aggravated rape must be amended to reflect the correct date of commission of the offense.


_____
THOMAS T. WOODALL, Judge


CONCUR:


_____
JOHN H. PEAY, Judge


_____
JOE G. RILEY, Judge