IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
June 12, 2001 Session

## RONALD DONNELL MOORE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-18192     Carolyn Wade Blackett, Judge**

───────────────

**No. W1999-02125-CCA-R3-PC  - Filed July 13, 2001**

───────────────

The petitioner was originally convicted by a Shelby County jury of first degree murder and received a sentence of life imprisonment. His conviction was affirmed on direct appeal. The petitioner filed a *pro se* post-conviction petition, counsel was appointed, and the petition was denied. In this appeal, the petitioner alleges that this matter should be remanded to the post-conviction court for a new hearing since he was unable to present his claim for relief. After a thorough review of the record, we conclude that the petitioner is entitled to a new post-conviction hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Remanded for New Hearing**

JOE G. RILEY, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., and CORNELIA A. CLARK, Sp. J., joined.

Juni S. Ganguli, Memphis, Tennessee (at post-conviction hearing), and Clifford K. McGown, Jr., Waverly, Tennessee (on appeal), for the appellant, Ronald Donnell Moore.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; William L. Gibbons, District Attorney General; and Betsy Carnesale, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**BACKGROUND**

The following background information is detailed and lengthy. However, we believe this information is necessary to place this case in proper perspective.

Having received a life sentence for first degree murder, the petitioner filed a *pro se* petition for post-conviction relief. Peggie Short-Bohannon was appointed to represent the petitioner, and she

filed an amended petition for post-conviction relief on March 2, 1998. On July 23, 1998, she withdrew as petitioner's counsel and was replaced by Juni S. Ganguli. Ganguli filed a second amended petition for post-conviction relief on September 11, 1998, which was almost a verbatim copy, with *de minimis* variations, of the petition previously filed by Short-Bohannon.

Both amended petitions alleged two grounds for relief; namely, (1) the failure of the first appointed counsel to timely turn over petitioner's file to the second appointed attorney; and (2) the failure of appointed counsel to investigate the defense of intervening cause of death. More specifically with regard to the second ground, the amended petitions alleged the victim died as a result of complications from injuries received when "Cheryl Johnson and Lisa Watkins" had a physical altercation in his hospital room.

The first post-conviction hearing was held on June 24, 1999. Prior to the start of the proof, petitioner's post-conviction counsel informed the court that the petitioner told him that morning of the existence of two witnesses that the petitioner required for his hearing. Counsel further explained that until the morning of the hearing, he was unaware of their existence and unsure that he would represent the petitioner because the petitioner had intended to employ private counsel.[1] The petitioner stated to the trial court that he could not understand why post-conviction counsel did not know of these two witnesses since they were mentioned by name in the amended petition filed by counsel. The trial court then advised it would proceed to hear the testimony of the petitioner and his two former trial counsel and continue the hearing to allow petitioner to present his other witnesses.

The petitioner testified that his ineffective assistance of counsel claim was based primarily upon trial counsel's failure to investigate the injury to the victim that occurred in the Intensive Care Unit (ICU) of the hospital. The petitioner claimed that the injury occurred when Cheryl Johnson and Lisa Watkins fought with each other in the ICU. He contended this incident led to complications which ultimately caused the victim's death.

The petitioner's first trial counsel with the Shelby County Public Defender's Office testified that the petitioner informed her of the hospital incident, but she felt that the intervening cause defense had little chance of success and that petitioner's best trial strategy was voluntary manslaughter or self-defense. She did not recall having made any effort to interview the two women. She testified that at first petitioner seemed "okay" with this decision, but later "persisted on with the intervening cause. And we disagreed." The trial court subsequently granted her request for withdrawal when she, near or on the day set for trial, learned that the petitioner had filed a complaint against her with the Board of Professional Responsibility.

The petitioner's next appointed counsel, Paul E. Lewis, conceded that the petitioner informed him of the hospital incident and requested that his defense be that the victim died as a result of the hospital incident. Counsel did not interview the two women allegedly involved in the altercation. Counsel stated that he discussed this with the medical examiner, who insisted that the gunshot

---

[1]The petitioner also acknowledged that he intended to procure private counsel.

wound caused the death.[2] Counsel then discussed his disagreement with the petitioner regarding petitioner's proffered strategy. Counsel stated that after he explained his views against offering such a defense, he could not say whether the petitioner agreed or disagreed. Nevertheless, Lewis stated it was understood the two women would not testify.

At the conclusion of the proof, the trial judge announced:

> Since the petitioner states that he has two other witnesses that he wishes to call, I'm going to set this for a hearing on September 23rd. And at that time you can bring the two witnesses in.
>
> If between now and September 23rd you decide that you do not want to do those two witnesses, then I need you to come in and bring the petitioner, and we can do final statements so we can go ahead and get this matter taken care of.

The petitioner insists he was not present in the courtroom for the brief September 23rd hearing.[3] The transcript of that hearing does not specifically indicate whether he was or was not present. However, we do note that petitioner was never addressed nor are there any remarks by the petitioner in the transcript.[4]

The September 23rd hearing was brief and began with post-conviction counsel's announcement that he understood the trial court "may have already made a ruling on the matter."[5] The tenor of the remarks of the trial court indicate it had forgotten that additional witnesses might be presented. The transcript also reveals the following:

> MR. GANGULI: Well, Mr. Moore, on his last hearing date, had said that he had some witnesses that he wanted subpoenaed for this court date, for today. I received a letter from him two days ago listing some witnesses that he wanted to have me subpoena. I only received it two days ago so I haven't had time to do that. I don't know if that would really impact the court's ruling.

---

[2] Lewis stated that the "medical records" did not indicate that the cause of death related to the two girls fighting. Although it is unclear, we believe the "medical records" to which he was referring were the autopsy records.

[3] We have consistently held that the petitioner's presence at the post-conviction hearing is generally required absent some appropriate justification for removal. *See* Scott v. State, 936 S.W.2d 271, 273-74 (Tenn. Crim. App. 1996). However, the absence of a petitioner is subject to harmless error analysis. *Id.*

[4] In light of petitioner's comments at the first post-conviction hearing, we would have expected him to make remarks in view of what transpired at the September 23rd hearing.

[5] There is no indication in the record as to how counsel learned of this fact.

THE COURT: If you find the witnesses and you want to bring them, I'll entertain it. But I think the ruling has been based made (sic) upon everything else. I think at one point we were (sic) finished.

MR. GANGULI: All right.

The trial court then indicated to post-conviction counsel that "today was the day that he [petitioner] was supposed to have his witnesses and he doesn't, then I think that may bar you from doing anything else because today was the day for the hearing." Post-conviction counsel indicated, "[t]hat will be fine." Post-conviction counsel then asked, "Your Honor, can I be relieved from this?" The trial court then called a bench conference in which the following transpired:

THE COURT: What you need to do is to protect yourself. I've already issued a ruling. Okay. It's fine. Because if today was the day that he was suppose to have his witnesses and he did not give his witnesses – you all were not prepared to do that, then that pretty much takes care of it.

MR. GANGULI: Sure.

THE COURT: But you need to cover yourself and go ahead and write whatever and then put it in my file as well because he's probably going to try to post convict you.

MR. GANGULI: Okay.

THE COURT: But, I mean, that's fine. You have no problem. Today was the day that he was suppose to have his witnesses. You all don't have them up, then that's it. I'm through. Okay.

MR. GANGULI: Okay. But I can get relieved off of this?

THE COURT: Yes, as soon as you take care of that.

MR. GANGULI: Okay.

THE COURT: All right. Just come back in and once you've done what I'm telling you to do, then yes, I'll take you off. But you need to have some closure to this. Okay. So I've got a ruling where I'm denying his post-conviction. I forgot there was a possibility of

his having some additional witnesses today. You don't have them.
I'm finished.

        MR. GANGULI: Okay.

        THE COURT: All right.

        MR. GANGULI: Thank you.

        *** (END OF PROCEEDINGS HEARD IN THIS CAUSE ON SEPTEMBER 23, 1999) ***

The post-conviction court entered comprehensive, written Findings of Fact and Conclusions of Law on the same day, September 23, 1999. The post-conviction court found that the petitioner had not proven ineffective assistance of counsel, specifically noting that "[p]etitioner offered no testimony or evidence to prove these allegations [relating to the intervening cause defense], and attorney trial tactics and strategies are not proper matters for review on post-conviction relief petitions."

On September 28, 1999, an order allowing post-conviction counsel Ganguli to withdraw was entered. On November 1, 1999, petitioner filed a *pro se* motion for reconsideration alleging that, although transported by the Department of Correction for the September 23rd hearing, he was advised that "he would not be entering the courtroom because his case had been dismissed." He contended he had been denied a "full and fair hearing," complained of post-conviction counsel's failure to subpoena the two witnesses involved in the altercation as well as two other witnesses he had requested, and complained generally that he had been deprived of the opportunity to establish deficient performance and prejudice of trial counsel.

The trial court denied the motion for reconsideration by order entered on December 3, 1999. On December 22, 1999, petitioner filed a *pro se* notice of appeal and requested appointment of counsel. The trial court denied the request for appointment of counsel on appeal on January 11, 2000, noting that petitioner sought to challenge his deficient representation at the post-conviction hearing, which was an improper ground for relief.[6] This court subsequently appointed other counsel to represent petitioner for purposes of appeal.

---

[6]Tenn. Code Ann. § 40-14-205(a) allows an appointed attorney for an indigent defendant to withdraw "upon good cause shown." However, upon withdrawal, the trial court shall "immediately appoint another attorney in the former attorney's place." *Id*. (emphasis added). Furthermore, Tenn. Code Ann. § 40-14-203, made applicable to post-conviction matters by Tenn. Code Ann. § 40-30-215, requires appointed counsel to represent a petitioner at all proceedings, including "upon any appeal" from the denial of the first petition. *See* Drummer v. State, 6 S.W.3d 520, 523 (Tenn. Crim. App. 1999).

# POST-CONVICTION HEARING

## A.  Requirements

The post-conviction process is governed by the Post-Conviction Procedure Act of 1995.  *See* Tenn. Code Ann. §§ 40-30-201-222; Leslie v. State, 36 S.W.3d 34, 36 (Tenn. 2000).  There is no constitutional right to representation by counsel in post-conviction proceedings and, thus, no right to effective assistance of counsel in post-conviction proceedings.  House v. State, 911 S.W.2d 705, 712 (Tenn. 1995).  However, there is a statutory right to counsel.  *See* Tenn. Code Ann. § 40-30-207(b)(1).  "The appointment of counsel assists in ensuring that a petitioner asserts all available grounds for relief and fully and fairly litigates these grounds in a single post-conviction proceeding." Leslie, 36 S.W.3d at 38 (emphasis added).

Tenn. Sup. Ct. R. 28 was adopted by our supreme court on October 28, 1996, and provides comprehensive requirements for the handling of post-conviction petitions.  The following is required of counsel:

> Appointed or retained counsel shall be required to review the pro se petition, file an amended petition asserting other claims which petitioner arguably has or a written notice that no amended petition will be filed, interview relevant witnesses, including petitioner and prior counsel, and diligently investigate and present all reasonable claims.

Tenn. Sup. Ct. R. 28, § 6(C)(2).  Counsel is also required to file a certification indicating that he or she has "thoroughly investigated the possible constitutional violations," has discussed the possible constitutional violations with the petitioner, and has raised all non-frivolous constitutional grounds warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.  Tenn. Sup. Ct. R. 28, § 6(C)(3) and App. C.

These standards strike the proper balance between counsel and a petitioner in determining the course and conduct of post-conviction proceedings.  Leslie, 36 S.W.3d at 38.  Counsel must consult with petitioner when feasible, but counsel retains the discretion to make tactical decisions as to which issues to pursue.  *Id*.

## B.  Analysis

The state persuasively insists that an interview with the two witnesses would not establish an intervening cause of death defense in the absence of medical testimony.  Thus, it is questionable

whether petitioner will be able to establish prejudice.[7]  Certainly, there is strong evidence in the existing record to indicate that trial counsel's decision not to pursue an intervening cause defense was indeed a logical tactical decision.  It may further be that had post-conviction counsel thoroughly investigated this defense, reviewed the hospital records and interviewed the witnesses requested by petitioner, it would be apparent that the intervening cause defense would have been futile, or at least a defense understandingly and tactically rejected by trial counsel.  However, deference to tactical choices applies only where the choices are informed ones based upon adequate preparation.  Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996).

Of concern to this court is that, on the basis of the record before us, we are unable to conclude that post-conviction counsel investigated this defense in any way.  No certification as required by Tenn. Sup. Ct. R. 28, § 6(C)(3) was filed by counsel indicating a thorough investigation of possible constitutional violations.  It is undisputed that no attorney or investigator has ever interviewed these two witnesses.  Post-conviction counsel had the names of the two witnesses as they were alleged in his amended petition and further identified by name in the testimony adduced at the first post-conviction hearing.  Furthermore, there is no indication that post-conviction counsel examined any hospital records or did anything to investigate whether trial counsel's decision to forego the intervening cause defense was an informed one.  *See* Goad, 938 S.W.2d at 369.  Furthermore, if post-conviction counsel deliberately decided not to pursue this ground, it is not apparent from the record.

The petition was dismissed by the trial court after post-conviction counsel failed to put on any proof at the second hearing which was specifically set for that purpose.  In its findings the post-conviction court expressly noted the failure of petitioner to offer evidence in support of his allegation regarding the intervening cause defense.  If petitioner was at fault in tardily providing information to post-conviction counsel, as the post-conviction court apparently believed, we note that petitioner either was not present at the September 23rd hearing or had no opportunity to respond.  We are not content to totally blame petitioner for this failure based upon the record before us.

We recognize that ineffective assistance of post-conviction counsel can provide no basis for relief.  House, 911 S.W.2d at 712.  Nevertheless, counsel should meet the requirements of Tenn. Sup. Ct. R. 28, § 6(C).  In this case we need not determine whether the failure of counsel to comply with all the requirements of Rule 28 itself justifies the granting of a new hearing.[8]  The trial court

---

[7]*See* State v. Richardson, 995 S.W.2d 119, 125 (Tenn. Crim. App. 1998) (holding it is not necessary that defendant's act be the sole or most immediate cause of death); State v. Ruane, 912 S.W.2d 766, 775 (Tenn. Crim. App. 1995) (recognizing intervening cause as a defense to homicide when such intervening cause is not the natural result of defendant's act); *see also* T.P.I. - CRIM 42.14 (5th ed. 2000).

[8]In Wayford Demonbreun, Jr. v. State, C.C.A. No. 01C01-9711-CR-00539, 1999 WL 632303, at *5 (Tenn. Crim. App. filed August 19, 1999, at Nashville), this court declined to grant a new hearing simply because post-conviction counsel did not file the required Tenn. Sup. Ct. R. 28, § 6 (C)(3) certification.  However, at issue was counsel's failure to certify that all non-frivolous grounds had been raised.  We found the failure harmless since petitioner did not specify any ground for relief that was not raised.  *Id*.  We declined to explore the limits of the remedies available

(continued...)

dismissed the petition because the petitioner did not have the witnesses present at the second hearing. Petitioner did not have the opportunity to be heard prior to the dismissal as to whether this was his fault. In light of the entire record, we believe a remand for a new post-conviction hearing is the appropriate remedy.

## CONCLUSION

Based upon our careful examination of the record, we remand to the trial court for appointment of different counsel, who will investigate the intervening cause defense and may file an amended petition alleging any other grounds for relief that he or she deems appropriate for the trial court's consideration. The trial court shall conduct another post-conviction hearing.

_____
JOE G. RILEY, JUDGE

[8](...continued)
to a petitioner because of an attorney's lack of certification. *Id.*