# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 7, 2001

## EDWARD DRUMMER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-19504     Arthur T. Bennett, Judge**

---

**No. W2000-00414-CCA-R3-PC - Filed August 29, 2001**

---

The Appellant, Edward Drummer, appeals from the dismissal of his petition for post-conviction relief by the Shelby County Criminal Court. In September, 1997, Drummer pled guilty to one count of aggravated rape and was sentenced to fifteen years confinement in the Department of Correction.[1] In 1998, Drummer filed a petition for post-conviction relief challenging the validity of his guilty plea upon grounds of (1) voluntariness and (2) ineffective assistance of counsel. The post-conviction court, finding the claims unsupported, dismissed the petition. On appeal, Drummer contends that he was denied the effective assistance of counsel. After review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Deborah M. Henderson, Memphis, Tennessee, for the Appellant, Edward Drummer.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Kim R. Helper, Assistant Attorney General; William L. Gibbons, District Attorney General; and Lee Coffee, Assistant District Attorney General, for the Appellee, State of Tennessee.

---

[1] Additionally, on the same date, the Appellant pled guilty to aggravated assault, violation of the Motor Vehicle Habitual Offender Act and DUI. No documents relating to these offenses are included in the record. No proof was developed as to these offenses at the post-conviction hearing and the Appellant's argument of ineffectiveness does not encompass these offenses. Accordingly, any challenge to those convictions is waived.

## OPINION

### Procedural Background

This case presents a somewhat protracted procedural history. In November, 1998, the post-conviction court conducted an evidentiary hearing upon the Appellant's claims contained in his February, 1998, petition. Following this hearing, the post-conviction court denied relief and dismissed the petition. A *pro se* appeal was taken and, after review, this court remanded to the post-conviction court for (1) appointment of counsel, (2) supplementation of the record, and (3) for a "further hearing" to determine the correct date of the commission of the offense.[2] See Drummer v. State, 6 S.W.3d 520 (Tenn. Crim. App. 1999) (holding that indigent inmates who seek review of the denial of their petitions for post-conviction relief are entitled to appointed counsel on appeal). Accordingly, this case is again before this court after apparent compliance with these directives. We emphasize "apparent" as the record does not reflect that a hearing was conducted to correct the discrepancy relating to the date of the offense. Although the Appellant asserts in his brief, "On June 28, 1999, appointed counsel entered an Amended Judgement sheet correcting the date of the commission of crime and showing Petitioner's eligibility as a standard range I offender," no such document is contained in the record.

### ANALYSIS

The Appellant's claim of ineffectiveness of counsel and involuntariness of his guilty plea, as set forth in his petition, stem from the following factual allegations:

Petitioner entered a guilty plea for a sentence Fifteen (15) years, as a Standard Offender (Range I, at 30%). See Judgment Document, attached hereto.

Once petitioner entered the Tennessee Department of Correction, he was informed that his guilty plea for fifteen (15) years was in fact, a mandatory 100% and the least amount of time to reduce that 100% would be 15%, resulting in a Release Eligibility Date (R.E.D.), of 85%, assuming petitioner received all his Sentence Reduction Credits allowed by law.[3]

---

[2]The indictment and the judgment of conviction reflect different dates for the commission of the offense. If the indictment and the transcript of the guilty plea hearing are correct, then the sentencing guidelines under the prior act are applicable and the Appellant's sentence would be served at thirty percent (30%) as a range I offender. If the judgment form is correct, then the Appellant, pursuant to Tenn. Code Ann. § 40-35-501(i), would serve his sentence at one hundred percent (100%).

[3]The Appellant's post-conviction petition is not included in the record. However, the petition is included in the record of this case in the Appellant's original post-conviction appeal. We are entitled to take judicial notice of pleadings contained in cases filed with the clerk of this Court.

At the November, 1998, evidentiary hearing, the Appellant apparently abandoned pursuit of this claim. Instead, the Appellant focused upon the involuntariness of his guilty plea based upon trial counsel's overstatement of the risk of conviction and ineffectiveness, and the lack of pre-trial investigation:

Q. Well, why did you take the plea?

A. Well, the only reason why I took the plea because she told me herself, she supposed to be my lawyer, that it wasn't nothing she could do for me. You might as well go on and cop out because they're going to find you guilty because it ain't nothing I can do for you. That's the only reason why I went on and pleaded for that plea bargain and the fifteen years at thirty percent.

Additionally, the Appellant testified that trial counsel failed to thoroughly investigate his case, failed to develop an alibi defense, and failed to contact witnesses. Appellant's trial counsel, testifying at the hearing, related that she had difficulty with the Appellant in meeting the appointment schedules and returning phone calls. Nonetheless, she met with him twice after he was returned to the jail and spoke with him seven times on the phone. Counsel testified that she contacted all of the potential witnesses provided to her by the Appellant, however, none supported an alibi defense. Moreover, several of the witnesses would have been extremely prejudicial as they would have testified that the Appellant and the victim of the rape had a "violent relationship." Trial counsel stated that she had available only two theories of defense (1) alibi, which could not be supported, and (2) consent. With regard to the latter, she further explained, "even if we had been able to say that the sex had been consensual, the injuries she suffered to the head, the blood that was found at the scene, the injuries that she suffered from the sexual assault, did not go along with consensual sex." Trial counsel also testified that she was surprised when, after the jury had been selected at his scheduled trial, the Appellant advised both she and co-counsel that he wanted to change his plea to guilty. Finally, trial counsel stated that both she and co-counsel advised the Appellant that he would be eligible for parole consideration in four years based upon his classification as a Range I standard offender; however, they also advised the Appellant that it was unlikely that he would receive parole when first eligible because of his conviction as a sexual offender. At the conclusion of the hearing, the post-conviction court found:

(1) the Appellant [was] not telling the truth; (2) the Appellant had the opportunity when Judge Axley asked him if he was freely and voluntarily entering his plea, whether he had any complaints, whether his lawyer investigated the case, investigated the witnesses that he had. He indicated that his lawyer did. And, his lawyer testified and [trial counsel] testified that she did investigate the case; . . . (3) [trial counsel] did render effective assistance of counsel through out her handling of the case, . . . [and] that her representation did meet the standard under Baxter v. Rose and other cases.

On appeal, the Appellant again abandons his claim of involuntariness and argues solely that the trial court "erred in ruling that he was not denied effective assistance of counsel pursuant to the United States Constitution and the Constitution of the State of Tennessee." He raises three general areas of ineffectiveness: (1) "that his attorneys failed to investigate his case thoroughly; (2) that his attorneys failed to discuss his case with him and offered no defense strategy; and (3) that he received information from his counsel that he'd be eligible for parole within four years, if he accepted the State's offer."

At this juncture we are constrained to observe that "a defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standard set forth in [Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and that] . . . but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 56-57, 106 S. Ct. 366, 369-70 (1985) (emphasis added) (citations omitted). The prejudice requirement of Hill v. Lockhart focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. Id. at 370. In this case, we find no causal connection between the Appellant's reasons for pleading guilty and his allegations of counsel's deficient performance. In sum, we find nothing in this record which remotely suggests that counsel's alleged deficiencies affected the outcome of the plea process. Nonetheless, we proceed to examine the Appellant's claims of ineffectiveness.

To succeed in a challenge for ineffective assistance of counsel, the Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d at 936. Under Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. In the context of a guilty plea, to satisfy the second prong of Strickland, the Appellant must show, "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. at 59, 106 S. Ct. at 370; Walton v. State, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997). The Appellant has the burden of proving the allegations in his or her petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997)). However, *conclusions of law* are reviewed under a purely *de novo* standard, with no presumption of correctness. Fields, 40 S.W.3d at 458. Applying the foregoing principles, this court must determine whether the evidence preponderates against the post-conviction court's finding that the Appellant received the effective assistance of counsel. Henley, 960 S.W.2d at 580.

Our review of the record reveals that the Appellant has failed in his burden of overcoming the findings of the post-conviction court. Although the Appellant identified several names of witnesses at the hearing which he contends would have supported an alibi defense, these witnesses were not produced at the hearing. This court is not required to speculate as to what the alleged alibi witnesses could have testified to if produced at the hearing. State v. Black, 794 S.W.2d 755, 757 (Tenn. Crim. App. 1990). Moreover, we agree with the post-conviction court's findings that the proof does not establish trial counsel failed to thoroughly conduct pre-trial investigation, failed to develop appropriate trial strategy, or improperly advised the Appellant regarding parole eligibility.

## CONCLUSION

Based upon the foregoing, we find that the post-conviction court did not err in ruling that the Appellant received effective assistance of counsel. Accordingly, the judgment of the post-conviction is affirmed.

_____
DAVID G. HAYES, JUDGE