IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 6, 2002

## KENNETH SMITH v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Fayette County**
**No. 4482     Jon Kerry Blackwood, Judge**

---

**No. W2001-02088-CCA-R3-PC - Filed November 14, 2002**

---

Petitioner, Kenneth Smith, appeals *pro se* the trial court's dismissal of his Petition for Post-Conviction Relief, which he also filed *pro se*. The record on appeal does not contain the transcript of the proceedings below. There is nothing in the record to indicate that Petitioner's court-appointed counsel was allowed to withdraw or that Petitioner waived the assistance of counsel on appeal. Pursuant to our holding in *Drummer v. State*, 6 S.W.3d 520 (Tenn. Crim. App. 1999), the judgment of the trial court is vacated and this case is remanded for the trial court to reinstate the order dismissing the Petition for Post-Conviction Relief. If Petitioner is still indigent, counsel appointed to represent Petitioner at the post-conviction hearing shall continue to represent Petitioner on appeal and the case shall proceed pursuant to the Tennessee Rules of Appellate Procedure.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Vacated and Remanded.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, and JOHN EVERETT WILLIAMS, JJ., joined.

Kenneth Smith, Whiteville, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Colin A. Campbell, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Petitioner filed a *pro se* Petition for Post-Conviction Relief in the Circuit Court of Fayette County. After the petition was filed, the trial court entered a "Preliminary Order" finding Petitioner to be indigent and appointed counsel, Thomas M. Minor, to represent Petitioner. The State filed an answer and an evidentiary hearing was held August 20, 2001. On August 21, 2001, the post-

conviction court entered an order making findings of fact and dismissed the petition for post-conviction relief. On August 28, 2001, Petitioner filed a *pro se* "Notice of Appeal."

The record was filed with this court on March 13, 2002. It consists only of the "technical record," and does not contain a transcript of the proceedings below. There is no order in the record indicating that Petitioner's court-appointed counsel was allowed to withdraw as counsel of record for Petitioner, nor is there anything in the record to indicate that Petitioner voluntarily and knowingly waived his right to counsel on appeal. On May 7, 2002, this court entered an order giving Petitioner until June 3, 2002 to file his brief, which had not yet been filed. Petitioner filed his brief on June 3, 2002, in which he argues primarily that he was denied his constitutional rights to due process because the State did not supply a transcript of the proceedings for this appeal. The State takes the position, in its brief, that it was Petitioner's responsibility to request a transcript, and that since he did not do so, the record is incomplete and the appeal should be deemed waived by Petitioner.

Approximately two years before the trial court dismissed the petition for post-conviction relief in this case, our court filed its opinion in *Drummer v. State*, 6 S.W.3d 520 (Tenn. Crim. App. 1999). In *Drummer*, we held that an indigent petitioner in a post-conviction proceeding is entitled to have counsel appointed on the direct appeal from the denial of his first petition for post-conviction relief. The right is not constitutional, but is provided for by an interpretation of provisions of Tennessee Supreme Court Rule 28, Rule 18 of the Tennessee Rules of Appellate Procedure, and Tennessee Code Annotated sections 40-30-215, 40-14-205, and 40-14-203. In addition, we held that pursuant to Tennessee Code Annotated section 40-14-312, a petitioner who has already been declared indigent by the trial court is entitled to a transcript of the evidentiary hearing concerning a post-conviction petition. *Drummer*, 6 S.W.3d at 522-23.

In addition to there being nothing in the record to reflect that appointed counsel was allowed to withdraw as attorney of record, there is nothing in the record indicating that Petitioner voluntarily and knowingly waived his right to counsel. In fact, in his brief, Petitioner argues that the United States Supreme Court has recognized a right to a trial transcript even in situations in which there is "no right to counsel (**as in present case**)." (Emphasis in original). The clear implication is that Petitioner is under the impression that he is not entitled to counsel in the appeal of the dismissal of his petition for post-conviction relief.

We reassert here what we held in *Drummer*. If counsel is appointed for an indigent petitioner in a first petition for post-conviction relief, and if there is an evidentiary hearing followed by the entry of an order dismissing the petition, appointed counsel at the trial court level continues to represent the petitioner in the event of an appeal from the post-conviction court's order, unless counsel is allowed to withdraw by court order. *Drummer*, 6 S.W.3d at 522-23. In the event counsel is allowed to withdraw, another attorney must be appointed to represent the indigent petitioner in the appeal. *Id*.

The procedural posture of this case requires that we vacate the judgment of the post-conviction court and remand this case to the trial court with instructions to re-enter the order

dismissing the petition for post-conviction relief and ensure that the Petitioner, who, if still indigent, is notified that he has appointed counsel to represent him in the appeal from the post-conviction court's order. Thereafter, this matter shall proceed in accordance with the Tennessee Rules of Appellate Procedure.

## CONCLUSION

For the foregoing reasons, the order entered by the trial court dismissing the petition for post-conviction relief is vacated and set aside; this case is remanded to the trial court for re-entry of the order dismissing the petition for post-conviction relief. The trial court shall ensure that the Petitioner has appointed counsel to represent him if he so desires to proceed with an appeal of the dismissal of his petition for post-conviction relief. Thereafter, this matter shall proceed in accordance with the Tennessee Rules of Appellate Procedure.

_____
THOMAS T. WOODALL, JUDGE