IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 2, 2003

## JOSEPH BROWN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-24735     W. Fred Axley, Judge**

No. W2002-03014-CCA-R3-PC  - Filed February 11, 2004

The petitioner, Joseph Brown, appeals *pro se* the denial of his petition for post-conviction relief from his convictions for facilitation of first degree murder and two counts of especially aggravated kidnapping. He argues that the trial court's failure to advise him of his constitutional right against self-incrimination voids his guilty pleas and that the court's failure to provide him with a transcript of the post-conviction hearing violated his constitutional rights. Additionally, he argues that the record does not reflect that counsel who represented him at the post-conviction hearing was relieved from continuing to represent him on appeal, and that he is entitled to counsel in his appeal to this court. We agree that the petitioner is entitled to be represented by counsel in the first tier appeal of the denial of his post-conviction petition and, accordingly, dismiss the appeal and remand to the post-conviction court with instructions to reenter its findings of fact and conclusions of law, with the petitioner's time for appeal to start at the date of reentry, and the petitioner to be represented by counsel on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Joseph Brown, Hardeman County Correctional Facility, Whiteville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and Reginald Henderson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner pled guilty on February 28, 2000, to facilitation of first degree murder and two counts of especially aggravated kidnapping, all Class A felonies. He was sentenced as a Range I, standard offender to fifteen years for the facilitation of first degree murder conviction and as a violent offender to fifteen years for each of the especially aggravated kidnapping convictions, all to

be served concurrently, for an effective fifteen-year sentence. No direct appeal of the petitioner's convictions was taken.

On March 1, 2001, the petitioner filed[1] a *pro se* petition for post-conviction relief, counsel was subsequently appointed, and an amended petition was filed on May 23, 2002. In his petitions, the petitioner alleged that he was denied the effective assistance of trial counsel and that his guilty pleas were not voluntarily, knowingly, and understandingly entered.

Apparently, a hearing was held on the post-conviction petition for the post-conviction court's order of November 26, 2002, denying the petition, referred to certain pages from the transcript of the hearing. The petitioner prepared a *pro se* notice of appeal, which bears the date of November 27, 2002, in the certificate of service and December 11, 2002, as the filing date. In his *pro se* appellate brief, in addition to his claims that trial counsel was ineffective, he complains about the fact that he is not represented by counsel on appeal, saying that the record contains no order releasing appointed counsel who represented him at the post-conviction hearing from continuing to do so. In our review, we first will consider the petitioner's claim that he is entitled to be represented by counsel. With this claim, we agree. Since the petitioner had no choice but to proceed *pro se*, as he did, or relinquish his right to appeal, we must remand this matter to the post-conviction court so that counsel can be appointed for the petitioner, assuming that previous counsel was relieved, and a notice of appeal can then be refiled.

It is without question that the petitioner has a statutory right to be represented by counsel in the first tier appeal of his post-conviction petition, as we will explain. Tennessee Supreme Court Rule 28, section 10(A) provides that "[a]n appeal from the dismissal or denial of a post-conviction petition shall be in accordance with the Tennessee Rules of Appellate Procedure." In turn, Rule 18(a) of the Tennessee Rules of Appellate Procedure provides:

> A party who has been permitted to proceed in an action in the trial court as a poor person (which includes a person who has been permitted to proceed there as one who is financially unable to obtain adequate defense in a criminal case) may proceed on appeal as a poor person unless, before or after the appeal is taken, the trial court finds the party is not entitled so to proceed, in which event the trial court shall state in writing the reasons for such finding.

Tennessee Code Annotated section 40-30-215 provides that "[i]ndigency shall be determined and counsel and court reporters appointed and reimbursed as now provided for criminal and habeas corpus cases by chapter 14, parts 2 and 3 of this title." Tennessee Code Annotated section 40-14-203 requires that an attorney appointed to represent an indigent defendant must continue to do so "through the initial appellate review," and section 40-14-205 provides that if the appointed attorney

---

[1] We note that the petition was notarized on February 19, 2001, and that, according to the petitioner's certification, he mailed a copy to the Shelby County District Attorney General on February 20, 2001.

is allowed to withdraw "upon good cause shown, . . . the court shall . . . immediately appoint another attorney in the former attorney's place." In <u>Drummer v. State</u>, 6 S.W.3d 520, 523 (Tenn. Crim. App. 1999), we concluded that these statutes and rules, taken together, entitle a post-conviction petitioner "to counsel on the direct appeal from the denial of [the] first petition for post-conviction relief."

The record on appeal contains neither an explanation as to why counsel who represented the petitioner before the post-conviction court is no longer representing him nor a determination that the petitioner no longer is indigent. The petitioner, who is now proceeding *pro se* in this matter, is entitled to be represented by counsel, as he has requested. Accordingly, we vacate the order of the post-conviction court denying the petition for post-conviction relief and direct that counsel be appointed for the petitioner and that the court reenter its order denying post-conviction relief, with the time for the petitioner's appeal beginning to run from the time of the reentry of the order.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we vacate the order of the post-conviction court denying the petition and remand for proceedings consistent with this opinion.

_____
ALAN E. GLENN, JUDGE