IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 10, 2007

**CORNELL POE v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-06-49      Roger Page, Judge**

---

**No. W2006-01202-CCA-R3-PC  - Filed September 12, 2007**

---

The Petitioner, Cornell Poe, proceeding *pro se*, appeals the Madison County Circuit Court's denial of his petition for post-conviction relief.  In February 2006, the Petitioner filed a petition for post-conviction relief collaterally attacking his convictions for aggravated burglary and Class D felony theft.  The post-conviction court appointed counsel, and counsel filed an amended petition. Following an evidentiary hearing, the post-conviction court denied relief.  Because the record before this court fails to indicate that the Petitioner's court-appointed counsel was allowed to withdraw or that the Petitioner has waived his right to counsel on appeal, the judgment of the post-conviction court is vacated, and this case is remanded to the post-conviction court for reinstatement of the order denying post-conviction relief.  Appointed counsel shall continue in her representation of the Petitioner on appeal, and the case shall proceed in accordance with the Tennessee Rules of Appellate Procedure.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Vacated and Remanded**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J., joined.

Cornell Poe, *Pro Se*, Henning, Tennessee (on appeal); Angela Hopson, Jackson, Tennessee (at hearing), for the Appellant, Cornell Poe.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and James W. Thompson, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

In April 2005, the Petitioner entered guilty pleas to aggravated burglary and theft of property over $1,000.  For these offenses, the Petitioner received an effective twelve-year community corrections sentence.  Shortly after imposition of the sentence, the Petitioner's community corrections sentences were revoked, and the Petitioner was remanded to the Department of Correction.  On February 9, 2006, the Petitioner filed a *pro se* petition for post-conviction relief in

the Madison County Circuit Court. As grounds for relief, the Petitioner alleged that his guilty pleas were not knowingly and voluntarily entered.

After an indigency determination, the post-conviction court appointed counselor Angela Hopson to represent the Petitioner during the post-conviction proceedings. Counselor Hopson filed an amended petition, and, on April 10, 2006, the post-conviction court conducted an evidentiary hearing. By order entered April 19, 2006, the post-conviction court denied the Petitioner relief. The post-conviction court's order further directed that "Attorney Angela Hopson shall continue to represent Petitioner until relieved by this Court." On June 7, 2006, forty-four days after entry of the lower court's judgment, the Petitioner filed a *pro se* notice of appeal document in the Madison County Circuit Court. The record reflects that the Petitioner also filed a second *pro se* notice of appeal document on June 19, 2006.

This court must first address whether the present appeal has been waived by the untimely filing of the Petitioner's notice of appeal document. A notice of appeal is required to be filed with the clerk of the trial court within thirty days after the date of entry of the judgment from which relief is sought. Tenn. R. App. P. 4(a). As noted, the Petitioner filed his notice of appeal forty-four days after judgment was entered. The timely filing of a notice of appeal is not, however, a prerequisite to the jurisdiction of this court, and this court may waive the requirement in the interest of justice. *Id*. Upon consideration of the record as a whole, we conclude that waiving the timely filing requirement in the instant case serves the interest of justice for the reasons stated in this opinion.

The record reveals that the post-conviction court appointed counsel to represent the *pro se* Petitioner after a finding of indigency. The record is void of any ruling by the post-conviction court relieving appointed counsel of her duty to represent the Petitioner in the post-conviction proceedings or the subsequent appeal. Moreover, the record does not contain any pleading which indicates that the indigent Petitioner waived his right to counsel on appeal in this cause or that substitute counsel was appointed for him. However, the appellate record does reflect that the Petitioner sought to obtain the assistance of counsel after the filing of the notice of appeal document by submitting a "Motion to Appoint New Counsel," which was forwarded to the attention of the Attorney General's office.

Tennessee Code Annotated section 40-30-106 authorizes the trial court to appoint counsel in post-conviction cases. T.C.A. § 40-30-106 (2006); *see also Swanson v. State*, 749 S.W.2d 731, 734 (Tenn. 1988). Moreover, an indigent petitioner in a post-conviction proceeding is entitled to representation in a first tier post-conviction appeal. *Drummer v. State*, 6 S.W.3d 520, 523 (Tenn. 1999); *Recor v. State*, 489 S.W.2d 62 (Tenn. Crim. App. 1972). This right to appellate counsel is not constitutional, but, rather, it is provided for by a *pari-materia* construction of provisions of Tennessee Supreme Court Rule 28, Rule 18 of the Tennessee Rules of Appellate Procedure, and Tennessee Code Annotated sections 40-30-115, 50-14-205, and 40-14-203. *Kenneth Smith v. State*, No. W2001-02088-CCA-R3-PC (Tenn. Crim. App. at Jackson, Nov. 14, 2002).

Construction of the applicable rules and statutes provides the following recognized principle relating to the duty of appointed counsel in a post-conviction proceeding:

> If counsel is appointed for an indigent petitioner in an initial petition for post-conviction relief, and if there is an evidentiary hearing followed by the entry of an order dismissing the petition, appointed counsel at the trial court level continues to represent the petitioner in the event of an appeal from the post-conviction court's order, unless counsel is allowed to withdraw by court order.

*Kenneth Smith*, No. W2001-02088-CCA-R3-PC (citing *Drummer*, 6 S.W.3d at 522-23). Moreover, prior opinions of this court provide the remedy in cases where appointed counsel fails to continue representation at the appellate level. In this event, this court should:

> vacate the judgment of the post-conviction court and remand the matter to the trial court with instructions to re-enter the order dismissing the petition for post-conviction relief and ensure that the petitioner, who, if still indigent, is notified that he[/she] has appointed counsel to represent him[/her] in the appeal from the post-conviction court's order. Thereafter, the matter shall proceed in accordance with the Tennessee Rules of Appellate Procedure.

*Id*.

The record in the instant case reflects that counsel was appointed to represent the Petitioner for the purpose of the post-conviction proceedings. The record fails to reflect that the Petitioner waived his right to counsel, that substitute counsel was appointed, or that appointed counsel was permitted to withdraw from further representation. As such, based upon precedent established by this court, we vacate the order entered by the court dismissing the petition for post-conviction relief. We remand this case to the post-conviction court for re-entry of the order dismissing the petition for post-conviction relief in order that the time period shall begin anew for the filing of the relevant portions of the record and completion of the briefing requirements. The post-conviction court shall ensure that the Petitioner has appointed counsel to represent him if he so desires to proceed with an appeal of the dismissal of his petition for post-conviction relief. Thereafter, this case shall proceed in accordance with the Tennessee Rules of Appellate Procedure. The necessity of this action is further illustrated by the State's argument on appeal that the Petitioner's appeal should be procedurally defaulted for failing to support the issue presented on appeal "with argument, citation to authorities, or appropriate references to the record."

Based upon the foregoing, the case is remanded to the post-conviction court for further proceedings consistent with this opinion.

_____
DAVID G. HAYES, JUDGE